* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Deluca and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS *Page 2 
1. Plaintiff sustained a compensable injury by accident on January 25, 2005. Plaintiff injured his head, ears (tinnitus) and neck arising out of and in the course of his employment with the defendant-employer.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant time periods.
3. On January 25, 2005, the N.C. Department of Correction was the self-insured employer at risk for payment of workers' compensation claims for its employees, including plaintiff, with claims now being administered by Corvel Corporation.
4. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
5. Plaintiff's average weekly wage is $749.05, yielding a weekly compensation rate of $499.39.
6. The following documents were marked and received into evidence:
 a. Stipulated Exhibit 1: Pretrial Agreement.
 b. Stipulated Exhibit 2: Industrial Commission forms and other filings.
 c. Stipulated Exhibit 3: Plaintiff's medical records.
 d. Stipulated Exhibit 4: DMV motor vehicle collision report.
 e. Plaintiff's Exhibits 1: Medical and work history.
 f. Defendant's Exhibit 1: Wage verification form.
7. The issues before the Full Commission are as follows:
 a. Whether plaintiff's January 25, 2005 accident caused his hearing loss;
 b. Whether plaintiff is entitled to recover for permanent injury to important organ and/or body parts, pursuant to N.C. Gen. Stat. § 97-31 (24); *Page 3 
 c. Whether plaintiff suffered a change of condition for the worse regarding any of his compensable injuries, pursuant to N.C. Gen Stat. § 97-47.
 * * * * * * * * * * *
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. As of the date of hearing before the Deputy Commissioner, plaintiff was a 54 year old male with a date of birth of March 21, 1955. Plaintiff had been employed by defendant-employer since December of 1979, most recently as an Intensive Surveillance Officer.
2. Plaintiff's job duties as an Intensive Surveillance Officer included performing curfew checks, ensuring judges' orders were being followed by offenders, ensuring parolees were complying with orders from the Parole Commission, locating and arresting offenders in violation of probation and offering courtroom testimony.
3. On January 25, 2005, while plaintiff was working for defendant-employer, he was operating a motor vehicle owned by defendant-employer. As plaintiff drove west on Hill Street in Rocky Mount, his vehicle was struck on the driver's side by a vehicle which had run a red light while heading north on George Street at the intersection with Hill Street.
4. During the collision, the left side of plaintiff's head struck the driver's side window. Plaintiff suffered immediate dizziness, headache, neck pain running down into his back, and ringing in both ears.
5. Plaintiff reported to the emergency room at Nash General Hospital on the day of the accident complaining of neck pain, back pain, chest pain and ringing in both ears. Plaintiff was diagnosed with cervical sprain and low back sprain with radiculopathy. Plaintiff was *Page 4 
instructed to return to work in three to five days.
6. On January 28, 2005, plaintiff went to Macclesfield Health Care for follow-up, where he saw nurse practitioner Lisa Coltrane, FNP. Plaintiff was diagnosed with tinnitus, headaches and cervical spine strain.
7. On February 3, 2005, plaintiff saw Ms. Coltrane, who diagnosed him with vertigo, tinnitus and cervical spine strain. Ms. Coltrane referred plaintiff to an ear, nose and throat specialist, Marcus Albernaz, MD, FACS.
8. On February 28, 2005, plaintiff was seen by Dr. Albernaz, who diagnosed plaintiff with a cochlear concussion, resulting in increased hearing loss and tinnitus. According to Dr. Albernaz, the cochlea is found in the inner ear.
9. On March 3, 2005, defendants filed a Form 60 admitting compensability for plaintiff's tinnitus, cervical spine strain and headache.
10. Dr. Albernaz's clinical audiologist, Sandra Royle-Tabak, MA, CCC-A, performed hearing tests on plaintiff on February 28, 2005 and again on August 22, 2005. The hearing tests indicated plaintiff suffered hearing loss at the statutory frequencies of 500, 1000, 2000 and 3000 Hz, which averaged 12.5 dB in the right ear and 15 dB in the left ear.
11. On November 26, 2008, plaintiff returned to Dr. Albernaz, who noted that there was very little change in plaintiff's hearing loss, and that he continued to have difficulty with tinnitus.
12. Dr. Albernaz opined that at least some of plaintiff's hearing loss was likely caused by the compensable January 25, 2005 motor vehicle collision. Dr. Albernaz was unable to say how much, without a previous audiogram for comparison. This opinion is found to be competent and credible. *Page 5 
13. Dr. Albernaz describes tinnitus as ringing in the ears, not necessarily hearing loss. Any significant injury or trauma to the middle or inner ear can result in tinnitus.
14. In 1995 plaintiff reported to his employer that he was having ringing in his ears, stuffiness in his nose, and that he had been taking cold medicine. The greater weight of the evidence, including plaintiff's testimony, shows that any tinnitus suffered by plaintiff in 1995 was temporary and resolved years before the compensable accident.
15. Dr. Albernaz indicated that tinnitus, due to permanent damage to the cochlea in the inner ears can result in multiple symptoms of varying degrees. These problems include difficulty sleeping, difficulty concentrating in quiet environments, mental anguish in some patients along with hearing loss and ringing in the ear.
16. Dr. Albernaz opined to a reasonable degree of medical certainty that plaintiff's tinnitus was more likely than not caused by the compensable January 25, 2005 motor vehicle collision. This opinion took into account the ringing in the ears reported in 1995, and is found to be competent and credible testimony.
17. Dr. Albernaz also opined to a reasonable degree of medical certainty that there is a substantial risk that plaintiff will require hearing aids in the future as the result of his injury by accident.
18. Plaintiff is still employed with the North Carolina Department of Correction as an Intensive Surveillance Officer. Plaintiff indicated that his condition affected the way he did his job. One example plaintiff gave was being more cautious about not missing a sound he should be hearing, such as a dog. Plaintiff stated that in 2007 while on the job, he saw a dog coming toward him and had to shoot the dog.
19. Plaintiff sustained permanent tinnitus and permanent hearing loss in both ears as *Page 6 
the result of the compensable January 25, 2005 motor vehicle collision.
20. No compensation is payable to plaintiff for hearing loss as he did not suffer an occupational loss of hearing. Plaintiff's hearing loss did not meet the required statutory frequencies of 500, 1000, 2000 and 3000 Hz, averaging more than 15 dB.
21. Plaintiff suffered permanent injury to both of his inner ears resulting in tinnitus in both ears. The inner ear is an important body part.
22. Plaintiff's tinnitus adversely affects his ability to perform gainful employment. Adverse effects of tinnitus include loss of sleep, difficulty concentrating on his work, and increased danger to his person when approaching offenders' homes as part of his job.
23. The greater weight of the competent evidence establishes there is a substantial risk of the necessity of future medical treatment for plaintiff's compensable hearing loss, including, but not limited to hearing aids.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On January 25, 2005, plaintiff suffered an injury by accident arising out of and in the course of his employment with defendant-employer, resulting in injuries to his head, inner ears (tinnitus) and neck along with suffering loss of hearing when the vehicle he was driving was struck by another vehicle. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's hearing loss does not meet the occupational loss of hearing statutory requirements, therefore plaintiff does not suffer from occupational loss of hearing within the meaning of N.C. Gen. Stat. § 97-53(28)(b).
3. As the result of plaintiff's January 25, 2005 injury by accident, plaintiff has *Page 7 
suffered permanent tinnitus in both ears, which is a permanent injury to the inner ear. The inner ear is an important body part for which no compensation is payable under N.C. Gen. Stat. § 97-31(1-23). Plaintiff is therefore entitled to proper and equitable compensation for said permanent injuries to his inner ears. N.C. Gen. Stat. § 97-31(24).
4. As the result of plaintiff's January 25, 2005 injury by accident, plaintiff is entitled to have defendants provide such medical treatment as is reasonably required as a result of plaintiff's compensable injury by accident to effect a cure, give relief or lessen plaintiff's disability. N.C. Gen. Stat. §§ 97-25, 97-25.1, Little v. Penn VentilatorCo., 317 N.C. 206, 345 S.E.2d 204 (1986).
5. As the result of plaintiff's January 25, 2005 injury by accident, plaintiff bears a substantial risk of the necessity of future medical compensation, including, but not limited to, hearing aids, entitling plaintiff to lifetime medical compensation. N.C. Gen. Stat. § 97-25.1.
6. There has been no Form 21 filed for the above case. The Industrial Commission has not entered a final award in this matter. Accordingly, N.C. Gen. Stat. § 97-47 does not apply to plaintiff's claim. Plaintiff therefore sustained no change of condition as it relates to his January 25, 2005 injury by accident because no Form 21 was filed and no final award has been entered in plaintiff's case. N.C. Gen. Stat. § 97-47.
 * * * * * * * * * * *
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay proper and equitable compensation to plaintiff for permanent injury to his left inner ear in the amount of $4,000.00. *Page 8 
2. Defendants shall pay proper and equitable compensation to plaintiff for permanent injury to his right inner ear in the amount of $4,000.00.
3. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury by accident for reasonably necessary medical treatment.
4. An attorney's fee of 25% of the benefits awarded in paragraphs 1 and 2 of this award is hereby approved for plaintiff's counsel. The fee shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel.
5. Defendants shall pay the costs.
This 17th day of November, 2010.
 S/___________________
 LINDA CHEATHAM
 COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1